RAYMOND G. HODGES *et al. vs.* S. AUGUSTUS GOODSPEED.

PROVIDENCE—MAY 23, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. conveyed land to the plaintiffs' ancestor in title, with covenant of general warranty, in 1871 ; in 1883 she became the owner of adjoining land and afterwards conveyed it to the defendant's predecessor in title ; upon the defendant's claim of a right of way over plaintiffs' land by prescription:—

*Held*, that the covenant of warranty in her deed to the plaintiffs' ancestor in title estopped A. from claiming any right of way over the plaintiffs' land when she became the owner of the defendant's lot, and equally estops the defendant, who claims under her, from asserting such right of way.

*Semble*, that a servient estate, during the period of prescription claimed, must be in the possession and occupation of an owner who is under no disability, in order to sustain the claim of a prescriptive right to an easement therein by the dominant estate.

The oral admission of the plaintiffs' title by defendant's counsel at the trial, or the admission of the defendant's special plea, or proof of possession of the land at the time of an alleged trespass thereon, are severally sufficient to establish the plaintiffs' title in an action of trespass *quare clausum*.

TRESPASS, *quare clausum*, to which was pleaded a right of way over the land described. Heard on defendant's petition for a new trial.

MATTESON, C. J. This is an action of trespass *quare clausum*. The defendant pleaded, first, the general issue, and, second, a special plea setting up a right of way by prescription over the plaintiffs' close as appurtenant to his own land. The plaintiffs joined issue on the first plea and traversed the second, upon which the defendant joined issue. The jury in the Common Pleas Division returned a verdict for the plaintiffs on both issues.

The defendant now brings the case before us, by his petition for a new trial, for review. His first contention is that the verdict is against the evidence because the plaintiffs did not prove title to lot No. 4 on plat of the Silas Baker partition, which was the *locus in quo*. We think, however, that the testimony of the surveyor sufficiently identifies the lot of the plaintiffs as lot No. 4 on the plat mentioned. But, in addition to his testimony, the record distinctly shows the admission of the plaintiffs' title to the close by the defendant's counsel orally at the trial, and it was also admitted by the special plea. Moreover, it was enough for the purposes of the case for the plaintiffs to prove that they had possession of the land at the time of the alleged trespass, and the testimony shows such possession.

The defendant also contends that the Common Pleas Division erred in ruling that the defendant must show a continuous user of the way for a period of twenty years, during which the owners of the plaintiffs' land were not under disability. The question of the disability of the owner of the servient estate on the running of the period necessary for acquiring an easement by prescription is one on which the cases differ. Some hold that where the servient estate comes into the hands of a minor heir after the adverse user has begun, the adverse user will not be arrested, the operation of prescription being regarded as analogous to the statute of limitations. Others, on the other hand, hold that the servient estate during the period of prescription must be in the possession and occupation of an owner who is under no disability, (1) because to acquire an easement by prescription the user must have been uninterrupted and by the acquiescence of the owner, which presupposes an owner in a position to resist the use, and (2) that, as prescription is founded in the presumption of a grant, the presumption cannot arise unless the owners of the servient estate have been of sufficient capacity to make a grant. 2 Washburn Real Property, 5 ed. 345, and notes. We are inclined to regard the latter view as logically the more correct, and hence to think that the Common Pleas Division did not err. But we do not find

it necessary to determine the question, for the record shows that both the plaintiffs and the defendant derive title to their respective lands by mesne conveyances from Oceana Proctor, who conveyed the plaintiffs' lot by deed, containing a covenant of general warranty, in 1871, to the plaintiffs' ancestor in title; and subsequently, in 1883, became the owner of the defendant's lot, and in 1887 conveyed it to the defendant's ancestors in title. The covenant of warranty in her deed to the plaintiffs' ancestor in title estopped her from claiming or exercising any right of way over the plaintiffs' land when she became the owner of the defendant's lot, and equally estops the defendant, who claims under her, from asserting such right of way.

The estoppel thus created makes it unnecessary, also, to consider the alleged newly discovered evidence, consisting of the earlier ownerships and conveyances of the property between 1746 and 1818.

Defendant's petition for a new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Albert R. Greene,* for plaintiff.

*Samuel W. K. Allen,* for defendant.